# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 13, 2001 Session

## TEX HELTON, ET AL. v. COLONIAL LOAN ASSOCIATION, INC., ET AL.

**Appeal from the Circuit Court for Hawkins County**
**No. 5029-J     John K. Wilson, Judge**

**FILED FEBRUARY 4, 2002**

**No. E2001-00060-COA-R3-CV**

---

**OPINION ON PETITION TO REHEAR**

Colonial Loan Association has filed a petition to rehear correctly calling to our attention that we were in error in holding that the substitution of collateral was not effective until the Trial Court entered an order of reformation. In support of its petition it cites the case of Globe & Republic Ins. Co. of America v. Shields, 96 S.W.2d 947 (Tenn. 1936), which holds that upon an instrument being reformed the effective date of the reformation is the date of the original instrument, which in this case would be the date the substitution instrument was executed.

Counsel for the Heltons in response to the petition to rehear concedes that the assertion made by Colonial Loan relative to the effective date of the collateral substitution is correct. He insists, however, that there was no mutual mistake justifying reformation. Our review of the record persuades us that it was the intent of the parties beyond peradventure to substitute the vehicle ultimately repossessed for the one actually appearing in the instrument substituting collateral.

We accordingly grant the petition to rehear to further address the question in light of the foregoing case.

Because this case was decided on summary judgment, and it does not appear the facts were fully developed relative to the understanding of the parties when the repossession would occur, we deem it appropriate to remand for further proof on this point. If in fact it was the agreement of both parties that the vehicle would be repossessed on Saturday morning rather than Friday night, the Heltons would be entitled to any damages they might be able to prove because of the early repossession, and also at least nominal damages for trespass, as well as loss of personal property.

The original opinion is modified in accordance with the foregoing and costs incident to the petition to rehear are adjudged against the Heltons.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE


_____
CHARLES D. SUSANO, JR., JUDGE


_____
D. MICHAEL SWINEY, JUDGE